FERWERDA et al.  v.  COAKWELL.
Civ. No. 30506.

United States District Court
N. D. Ohio, E. D.
Dec. 1, 1953.

On Motion for Reconsideration
Feb. 18, 1954.

Warren E. Burger, Asst. Atty. Gen., Washington, D. C., G. M. Paddack, Attorney, United States Department of Justice, Washington, D. C., and John J. Kane, Jr., U. S. Attorney, Cleveland, Ohio, for plaintiffs.

Evans & McCoy, Cleveland, Ohio (Frank S. Greene, Cleveland, Ohio, of counsel), for defendant.

McNAMEE, District Judge.

The Complaint alleges that on June 30, 1953 the Board of Interference Examiners in the Patent Office adjudged priority of invention to the defendant. Sixty-two days later, on August 31, 1953, plaintiffs filed this action to authorize the issuance of a patent to plaintiff Ferwerda. Defendant filed a motion to dismiss the Complaint on the ground that the action was filed too late.

Section 146 of Public Law No. 593, 82nd Congress, 35 U.S.C.A. § 146, provides in part:

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints * * *".

Pursuant to this statutory authorization the Commissioner promulgated Rule 304, which fixes the time for commencing a civil action as sixty days from the date of the decision of the Board of Patent Interferences. Plaintiff claims that because August 29, 1953, which was the sixtieth day after the decision of the Board of Interference Examiners, was a Saturday, Rule 7 of the Rules of the Patent Office, 35 U.S.C.A.Appendix, is applicable and effective to extend the time of filing the Complaint to August 31, 1953. Rule 7 provides in part:

"When the day, or the last day, fixed by statute or by or under this part for taking any action or paying any fee falls on Saturday, Sunday, or on a holiday within the District of Columbia, the action may be taken, or the fee paid, on the next succeeding day which is not a Saturday, Sunday, or a holiday."

Rule 7 is in effect a restatement of Section 21 of Public Law 593, 35 U.S.C. § 21, which reads:

"§ 21. Day for taking action falling on Saturday, Sunday, or holiday

"When the day, or the last day, for taking any action or paying any fee in the United States Patent Office falls on Saturday, Sunday, or a holiday within the District of Columbia, the action may be taken, or the fee paid, on the next succeeding secular or business day."

Section 21 and Rule 7 were enacted and promulgated in recognition of the practice of the Patent Office not to receive papers on the days provided in Rule 6. Rule 6 in its pertinent part reads:

"No papers are received in the Patent Office on Saturdays, Sundays or holidays within the District of Columbia."

Quite clearly, Rule 7 is applicable solely to proceedings in the Patent Office.

A party to an interference who is dissatisfied with the decision of the Board of Patent Interferences has the option of appealing to the United States Court of Customs and Patent Appeals under Section 141 of Public Law 593, 35 U.S.C. § 141, or of proceeding by civil action in the District Court of the United States under Section 146. The time within which either an appeal or an independent civil action may be commenced is sixty days from the date of the decision of the Board of Patent Interferences. The first step in taking an appeal is the filing of a notice of appeal with the Patent Commissioner. Such a notice filed on the sixtieth day would be timely.

However, when the sixtieth day falls on a Saturday, the practice of the Patent Office not to receive papers on that day would prevent an appellant who attempted to do so from filing his notice of appeal on the last day. In these circumstances good reason exists for extending the time for filing the notice of appeal as provided in Rule 7 and Section 21. However, when the last day for the commencement of an action in the District Court falls on a Saturday, plaintiff is not denied the opportunity of filing a Complaint on that day. The Clerk's office is open to receive it. Thus no reason exists for the application by analogy or otherwise of the provisions of Rule 7 and Section 21 to a civil action in the District Court. The Complaint on its face shows that it was filed more than sixty days after the date of the decision of the Board of Interference Examiners.

For the reasons indicated, the motion to dismiss is granted.

### On Motion for Reconsideration.

██ In support of their motion for a reconsideration, plaintiffs seek by construction to enlarge the effect of Rule 7 of the Patent Office to include proceedings in the District Courts of the United States. This is said to be warranted by construing Rule 7 and 304 of the Patent Office in *pari materia*. I think this is erroneous. Rule 304 simply fixes the time within which an appeal may be taken to the United States Court of Customs and Patent Appeals or a civil action commenced. It does not enlarge the scope of Rule 7. Standing alone, Rule 304 does not bring Rule 7 into play. Rule 302, however, does have this effect. This rule provides:

"When an appeal is taken to the U. S. Court of Customs and Patent Appeals, the appellant shall give notice thereof to the commissioner, *and file in the Patent Office,* within the time specified in § 1.304, his reasons of appeal specifically set forth in writing." (Emphasis supplied.)

There is no requirement that anything be done in the Patent Office when a civil action is filed. To hold that Rule 7 has application to proceedings in the District Courts would be to enlarge the effect of the rule beyond the scope of the statute from which it derives its force and effect. Section 21 of Title 35 United States Code, appears in Chapter II of Title 35, which is entitled, "Proceedings In The Patent Office." As amended in 1952, Section 21 reads:

"When the day, or the last day, for taking any action or paying any fee in the *United States Patent Office* falls on a Saturday, Sunday, or a holiday within the District of Columbia, the action may be taken, or the fee paid, on the next succeeding secular or business day." (Emphasis supplied.)

This statute was designed to prevent injustice in those cases where the last day for taking action or paying a fee falls on one of the days when the Patent Office is not open for business. These days are enumerated in Rule 6. Rule 7 accomplishes the same purpose as Section 21, which is limited to proceedings in the Patent Office.

Undoubtedly it was the legislative intention to fix the same time limitation for filing a civil action as for taking an appeal. But, due to the peculiar practices and rules of the Patent Office, this result cannot be accomplished even in cases where the last day of the sixty-day period falls on a day other than a Saturday, Sunday, or a holiday within the District of Columbia. Subsections (b) and (c) of Rule 6 of the Patent Office provide:

"(b) Mail placed in the Patent Office pouch up to midnight on weekdays, excepting Saturdays and holidays, by the post office at Washington, D. C., serving the Patent Office, is considered as having been received in the Patent Office on the day it was so placed in the pouch.

"(c) In addition to being mailed or delivered by hand during office hours, letters and other papers may be deposited up to midnight in a box provided at the guard's desk at the Fourteenth and E Street entrance of

**337**

the Patent Office on weekdays except Saturdays and holidays, and all papers deposited therein are considered as received in the Patent Office on the day of deposit."

Under the above sections, when the last day of the sixty-day period is any weekday except Saturdays or holidays, an appeal would be timely if before midnight of that day the notice of appeal was in the mail pouch of the Patent Office in Washington, or if before midnight the notice of appeal was placed in the box at the guard's desk. But surely it cannot be claimed that if the last day for filing a civil action in a District Court were a weekday, the time for filing such action would be extended until midnight of that day, as provided in Rule 6 of the Patent Office. For the same reason that a party filing a civil action is not entitled to an extension of the business hours of the sixtieth day under Rule 6, it must be held that such a party is likewise not entitled to the extension of an additional day or days under Rule 7.

The motion for reconsideration is overruled.