Thomas **FERWERDA** and United States of America, Plaintiffs,

v.

**BENDIX AVIATION CORPORATION, Defendant.**

Civ. A. 699–53.

United States District Court
D. New Jersey.
Dec. 13, 1955.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., for plaintiffs.

Cecil A. Hart, Hackensack, N. J., for defendant.

SMITH, District Judge.

This is a civil action under the Patent Laws, revised, 35 U.S.C.A. § 146, to establish the priority of invention and the right to a patent. The action is before the Court at this time on the motion of the defendant to dismiss the complaint on the ground that the right of the plaintiffs to maintain the action is barred by the statute and the apposite rules of practice promulgated by the Patent Office.

The allegations of the complaint disclose that on June 30, 1953, after notices of interferences and proceedings had thereon, the board of patent interferences adjudged one David Gregg, the defendant's assignor, the prior inventor of the subject matter of the respective interferences. The present action followed. The complaint was filed herein on August 31, 1953, sixty-two days after the decision of the board of patent interferences was rendered. The sixtieth day fell on August 29th, a Saturday, when the office of the Clerk of the Court at Trenton was open during the usual business hours, between 8:30 a. m., and 12 noon.

The right of the plaintiffs to maintain this action is defined by Section 146 of Title 35 U.S.C.A., supra, the pertinent provisions of which read as follows: "Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, *if commenced within such time*

*after such decision, not less than sixty days, as the commissioner appoints* or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided." (Italics by the Court.)

 The time within which such an action must be commenced is prescribed by Rules 303(a) and 304 of the Rules of Practice of the Patent Office, 37 C.F.R. § 1.303(a) and § 1.304, 35 U.S.C.A.-Appendix, § 1.303(a) and § 1.304. These rules follow.

§ 1.303(a). "* * * any party dissatisfied with the decision of the Board of Patent Interferences, may, instead of appealing to the U. S. Court of Customs and Patent Appeals (§ 1.301), have remedy by civil action under 35 U.S.C.A. 145 and 146 respectively. Such civil action must be commenced within the time specified in § 1.304."

§ 1.304. "The time * * * for commencing a civil action (§ 1.303) is sixty days from the date of the decision of * * * the Board of Patent Interferences."

These rules prescribe a period of limitation of sixty days, upon the expiration of which the right to maintain the action defined by statute ceases.

 The plaintiffs contend, however, that the period of limitations was extended by Rule 7 of the Rules of Practice of the Patent Office, 37 C.F.R. § 1.7, 35 U.S.C.A.Appendix, § 1.7, and that the period of limitations did not expire until after the sixty-second day, August 31, 1953. The contention is without merit; the cited rule is not applicable. Ferwerda v. Coakwell, D.C., 121 F.Supp. 334, affirmed, 6 Cir., 220 F.2d 752. The cited rule is in conformity with § 21 of Title 35 U.S.C., 35 U.S.C.A. § 21, and, consistent therewith, is applicable only to proceedings in the Patent Office. Ibid. The statute and the rule make specific reference to the District of Columbia.

The motion to dismiss the complaint is granted.